# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MYRA COWAN,** § | Civil Action No. _____ |
| Individually and on behalf of all others § | |
| similarly situated § | |
| § | **JURY TRIAL DEMANDED** |
| *Plaintiff,* § | |
| § | |
| v. § | **COLLECTIVE ACTION** |
| § | **PURSUANT TO 29 U.S.C. §216(b)** |
| **NATIONWIDE MUTUAL** § | |
| **INSURANCE COMPANY,** § | |
| § | **CLASS ACTION PURSUANT** |
| *Defendant.* § | **TO FED. R. CIV. P. 23(b)(3)** |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Cowan brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Nationwide Mutual Insurance Company (hereinafter "Defendant" or "Nationwide"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, *et seq.*, and Florida common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Florida common-law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a Rule 23 class action pursuant to the law of the State of Florida.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Nationwide in call centers throughout the United States within the last three years and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3. Specifically, Nationwide has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Nationwide's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Nationwide knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Florida law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all damages owed under their Florida state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Cowan designated herein be named as the Class Representative for the Florida Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Myra Cowan ("Cowan") was employed by Nationwide during the relevant time period. Plaintiff Cowan did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former call-center employees who were employed by Nationwide anywhere in the United States at any time from February 18, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Cowan worked and was paid.

13. The Florida Common-Law Class Members are those current and former call-center employees who were employed by Nationwide in the State of Florida at any time from February 18, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Cowan worked and was paid.

14. Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation licensed to and doing business in the State of Ohio and may be served with process

---

[1] The written consent of Myra Cowan is hereby attached as Exhibit "A."

*Original Collective/Class Action Complaint*

through its registered agent for service of process: **CSC – Lawyers Incorporating Service, 50 W. Broad St, Ste 1800, Columbus OH 43215.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201, *et seq.*

16. This Court has supplemental jurisdiction over the additional Florida state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Nationwide because the cause of action arose within this District as a result of Nationwide's conduct within this District and Division.

18. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Nationwide's corporate headquarters are located in Columbus, Ohio, which is located in this District and Division.

20. Venue is proper in this this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Nationwide operates customer service call centers throughout the United States and holds itself out as "one of the largest insurance and financial services companies in the world."[2]

22. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Nationwide's customers, responding to customer inquiries, assisting with claim status and billing matters, and generally helping Nationwide's customers.

---

[2] https://www.nationwide.com

23. Plaintiff Cowan has been employed by Nationwide in a customer service call-center position in Gainesville, Florida since approximately February 2017.

24. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

25. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

26. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to one (1) hour "off-the-clock" per week and were never compensated for that time.

27. Plaintiff and the Putative Class Members have not been compensated for all of their hours worked as a result of Nationwide's company-wide policy and practice of paying its employees only for their scheduled shifts, and not for any of their pre- and post-shift activities performed for Nationwide's benefit.

28. Nationwide requires all call-center employees to be "call ready"—that is, to take their first phone call the moment their official shift starts each day.

29. Specifically, Plaintiff and the Putative Class Members were (and are) required to log-in to their computer, open multiple Nationwide computer programs, log-in to each program, and ensure that each program is running correctly, all of which can take up to fifteen (15) minutes to have ready before they were (and are) able to take their first phone call, which comes in as soon as their official shift starts.

30. During this start-up time, Plaintiff and the Putative Class Members were not compensated although they were (and are) expected to have completed this process in advance of their official start time(s).

*Original Collective/Class Action Complaint*

31. In addition, Plaintiff and the Putative Class members were (and are) frequently on the telephone assisting Nationwide's customers when their shifts end and are required to remain on the telephone assisting customers, although Plaintiff and the Putative Class members were (and are) not compensated for this time.

32. As a result of Nationwide's company-wide policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start-up tasks **_before_** their shifts begin, and requiring Plaintiff and the Putative Class Members to remain on the telephone **_after_** their shifts ended, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

33. Nationwide has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

34. Nationwide is aware of its obligation to pay for all hours worked and the proper amount of overtime for all hours worked over forty (40), but has failed to do so.

35. Because Nationwide did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Nationwide's pay policies and practices violate the FLSA.

36. Because Nationwide did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Nationwide, Nationwide's pay policies and practices also violate Florida state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

37. All previous paragraphs are incorporated as though fully set forth herein.

*Original Collective/Class Action Complaint*

38. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY NATIONWIDE MUTUAL INSURANCE COMPANY, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 18, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

39. At all times hereinafter mentioned, Nationwide has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all times hereinafter mentioned, Nationwide has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, Nationwide has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Nationwide, these individuals provided services for Nationwide that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Nationwide who assisted customers living throughout the United States. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

46. In violating the FLSA, Nationwide acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

47. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 38.

48. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Nationwide.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Nationwide violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

51. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Nationwide's acts or omissions as described herein; though Nationwide is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

*Original Collective/Class Action Complaint*

52. Moreover, Nationwide knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

53. Nationwide knew or should have known its pay practices were in violation of the FLSA.

54. Nationwide is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Nationwide to pay them in accordance with the law.

56. The decision and practice by Nationwide to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    FLSA COLLECTIVE ACTION ALLEGATIONS**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

60. Other similarly situated employees have been victimized by Nationwide's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective Members are defined in Paragraph 38.

*Original Collective/Class Action Complaint*

62. Nationwide's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Nationwide will retain the proceeds of its rampant violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 38 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Florida Common Law)

**A.  VIOLATIONS OF FLORIDA COMMON LAW**

70. All previous paragraphs are incorporated as though fully set forth herein.

*Original Collective/Class Action Complaint*

71. Plaintiff Cowan further brings this action pursuant to Florida common law and the equitable theories of unjust enrichment and *quantum meruit*. *See Fernandez v. City of Fruitland Park*, No. 5:16-cv-326, 2016 WL 8329400, at *8 (M.D. Fla Dec. 6, 2016).

72. The Florida Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY NATIONWIDE MUTUAL INSURANCE COMPANY, IN THE STATE OF FLORIDA, AT ANY TIME FROM FEBRUARY 18, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Florida Common-Law Class" or "Florida Common-Law Class Members").**

73. Plaintiff Cowan and the Florida Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Nationwide. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

74. Plaintiff Cowan and the Florida Class Members conferred a valuable benefit on Nationwide because they provided services to Nationwide before and after their shifts—during their respective computer start-up times and after their shifts ended—without compensation.

75. Nationwide was aware that Plaintiff Cowan and the Florida Class Members worked through their respective computer start-up times and after their shifts ended without compensation and further, caused them to continue to work through their respective computer start-up times and after their shifts ended while off the clock and without pay.

76. Nationwide has therefore benefited from services rendered by Plaintiff Cowan and the Florida Class Members and it is inequitable for Nationwide to retain the benefit of Plaintiff Cowan and the Florida Class Members' services without paying fair value for them.

**B.     FLORIDA CLASS ALLEGATIONS**

77.     Plaintiff Cowan and the Florida Class Members bring their Florida Claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Nationwide to work in Florida since February 18, 2015. *See* FLA. STAT. § 95.11(3)(k).

78.     Class action treatment of Plaintiff Cowan and the Florida Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

79.     The number of Florida Class Members is so numerous that joinder of all class members is impracticable.

80.     Plaintiff Cowan is a member of the Florida Class and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

81.     Plaintiff Cowan and her counsel will fairly and adequately represent the class members and their interests.

82.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

83.     Accordingly, the Florida Class should be certified as defined in Paragraph 72.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Nationwide as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 38 and requiring

Nationwide to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

      b.      For an Order certifying the Florida Common-Law Class as defined in Paragraph 72, and designating Plaintiff Cowan as Representative of the Florida Common-Law Class;

      c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

      e.      For an Order pursuant to Section 16(b) of the FLSA finding Nationwide liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

      f.      For an Order pursuant to Florida Common Law awarding Plaintiff Cowan and the Florida Common-Law Class Members unpaid wages and other damages allowed by law;

      g.      For an Order awarding the costs and expenses of this action;

      h.      For an Order awarding attorneys' fees;

      i.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

      j.      For an Order awarding Plaintiff Cowan a service award as permitted by law;

      k.      For an Order compelling the accounting of the books and records of Nationwide, at Nationwide's own expense;

l.       For an Order providing for injunctive relief prohibiting Nationwide from engaging in future violations of the FLSA and Florida state law, and requiring Nationwide to comply with such laws going forward; and

m.      For an Order granting such other and further relief as may be necessary and appropriate.

Dated: April 1, 2019      Respectfully submitted,

By:    /s/ *Robert E. DeRose*
Robert E. DeRose (OH Bar No. 005214)
bderose@barkanmeizlish.com
Jessica R. Doogan (OH Bar No. 0092105)
jdoogan@barkanmeizlish.com
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300

***Local Counsel***

By:    /s/ *Clif Alexander*
**Clif Alexander** (application *pro hac vice* forthcoming)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (application *pro hac vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***

*Original Collective/Class Action Complaint*