# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MYRA COWAN,

    Plaintiff, : Case No. 2:19-cv-1225

    -vs-     Judge Sarah D. Morrison
        Magistrate Judge Chelsey M. Vascura

NATIONWIDE MUTUAL INSURANCE CO.,

    :

    Defendant.

## OPINION AND ORDER

This matter is before the Court upon Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment (ECF No. 11) and Emergency Motion to Stay (ECF No. 29). The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(b)(2). For the reasons that follow, the Court **DENIES AS MOOT** Defendant's Motion for Summary Judgment and **GRANTS, IN PART,** and **DENIES, IN PART,** Defendant's Emergency Motion to Stay.

## I. BACKGROUND

On April 1, 2019, Plaintiff filed a lawsuit on behalf of herself and all current and former non-exempt call-center employees ("Putative Class Members") who worked at Nationwide Mutual Insurance Company ("Defendant") anywhere in the United States from February 18, 2016 through final disposition of the case (FLSA Collective Members), and in Florida any time from February 18, 2015 through final disposition of the case (Florida Common Law Members). (ECF No. 1). Plaintiff alleges two counts in the Complaint: (1) Collective Action Alleging FLSA Violations; and (2) Class Action Alleging Violations of Florida Common Law.

1

Plaintiff has been employed by Defendant in its customer service call-center in Gainesville, Florida since February 2017. (Amend. Compl., ¶ 23, ECF No. 13). Plaintiff and the Putative Class Members are non-exempt employees paid by the hour. (*Id*. ¶ 24). Plaintiff alleges that

> [a]s a result of Nationwide's company-wide policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks ***before*** their shifts begin, and requiring Plaintiff and the Putative Class Members to remain on the telephone ***after*** their shifts ended, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the [Fair Labor Standards Act].

(*Id.* ¶ 32) (emphasis in original). In the Original Complaint, Plaintiff alleged that in addition to working 40 "on-the-clock" hours per week, Plaintiff and the Putative Class Members "often worked up to one (1) hour 'off-the-clock' per week and were never compensated for that time." (Compl., ¶ 26).

On May 21, 2019, Defendant filed its Answer (ECF No. 9), followed by a Motion for Summary Judgment on May 23, 2019 (ECF No. 11). On June 11, 2019, Plaintiff Myra Cowan filed an Amended Complaint (ECF No. 13), alleging that in addition to working 38.75 "on-the-clock" hours per week, Plaintiff and the Putative Class Members "often worked nearly three (3) hours 'off-the-clock' per week and were never compensated for that time." (Amend Compl., ¶ 26). The Amended Complaint is otherwise identical to its predecessor.

Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment on June 13, 2019. (ECF No. 18). Defendant filed its Reply on June 25. (ECF No. 22).

II.     **MOTION FOR SUMMARY JUDGMENT**

In its Reply, Defendant urges the Court to, in essence, ignore the Amended Complaint and proceed to rule on Defendant's Motion for Summary Judgment in light of the facts alleged in Plaintiff's Original Complaint. Defendant argues that "[w]hile Nationwide acknowledges that

Plaintiff has amended her Complaint as a matter of course . . . it would be contrary to justice to allow Plaintiff to defeat summary judgment by materially changing the key allegation regarding the number of hours she allegedly worked off-the-clock in response to Nationwide's Motion." (Reply, 5, ECF No. 22). The Court disagrees.

"The plaintiff, as master of his complaint, can remaster his claims after a false start if he chooses, as long as he does it promptly." *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 545 (E.D. Mich. 2015). Specifically, Federal Rule of Civil Procedure 15(a)(1)(B) affords plaintiffs an opportunity to amend the complaint as a matter of course if the amendment is filed "21 days after service of a responsive pleading . . . ." "Amendments under Rule 15(a) can be made to 'cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action.'" *Peguese,* 306 F.R.D. at 544 (quoting *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996)); *see also Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (explaining that under Rule 15(a)(1)(B), the plaintiff "was entitled to amend his complaint to flesh out his original claims or attempt to cure any jurisdictional or legal defects"). When an amended complaint is filed pursuant to Rule 15(a), the new complaint supersedes the original complaint and controls the case. *Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 Fed. Appx. 99, 102 (6th Cir. 2004); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000). As a result, motions directed at a superseded pleading are generally denied as moot. *Clark v. Johnston*, 413 Fed. Appx. 804, 811 (6th Cir. 2011); *Esparza v. Pierre Foods*, Nos. 1:11-CV-874, 875, 2012 WL 13118330, at *1 (S.D. Ohio Apr. 24, 2012).

Here, there is no dispute that Plaintiff filed her Amended Complaint exactly 21 days after Defendant filed its Answer. (Reply, 2–3). Under the limits of Rule 15(a)(1), Plaintiff had an absolute right to amend her pleading regardless of her justification for doing so. *McDougald v. Dunlap*, No. 1:17-CV-127, 2017 WL 8683510, at *1 (S.D. Ohio Oct. 19, 2017) (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000)), *adopted by* 2018 WL 1565606 (S.D. Ohio Mar. 31, 2018). Accordingly, the Court declines Defendant's invitation to strike or otherwise disregard Plaintiff's Amended Complaint in considering Nationwide's Motion for Summary Judgment.[1] *See Haren v. Superior Dairy, Inc.*, 23 Fed. Appx. 509, 510 (6th Cir. 2001) (finding an abuse of discretion where the court denied the plaintiff leave to amend his complaint because he had the right to do so as a matter of course). Defendant's Motion for Summary Judgment is **DENIED AS MOOT**,[2] with leave to refile.

### III. MOTION TO STAY

Defendant also moved for a stay of the case pending the Court's resolution of its Motion for Summary Judgment. (ECF No. 29). Because the Court has denied Nationwide's Motion for Summary Judgment, this request is now moot. However, Defendant also requested in the alternative that the Court stay briefing on conditional certification and grant Defendant "a three-month discovery period as to Plaintiff's individual FLSA claim, after which it will renew its Motion for Summary Judgment." (Mem. in Supp., 5, ECF No. 29-1). Defendant argues that it is

---

[1] While Defendant cites numerous cases regarding the Court's discretion under Rule 15(a)(2), none of them support Defendant's argument as it relates to Rule 15(a)(1).

[2] There is no question that the Amended Complaint affects the substance of the Motion for Summary Judgment such that denying it would not simply "exalt form over substance." *McKay v. Federspiel*, No. 14-CV-10252, 2015 WL 13688535, at *1 (E.D. Mich. Feb. 26, 2015) (internal quotations omitted).

necessary to determine the accuracy of Plaintiff's hours worked as averred in her declaration before proceeding with any class-based proceedings. (*Id.* at 4).

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977).

Here, Defendant has not demonstrated that it is entitled to discovery regarding Plaintiff's individual claim before responding to Plaintiff's Motion for Conditional Certification. In any FLSA collective action to recover unpaid overtime, the number of hours worked by the named Plaintiff and the class members will be at issue. Yet, in the normal course of an FLSA purported collective action, proceedings are not bifurcated between individual and collective claims. Indeed, as to collective claims, "time is of the essence because 'the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in.'" *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (quoting *Musarra v. Digital Dish, Inc.*, No. C2–05–545, 2008 WL 818692, at *2 (S.D. Ohio Mar. 24, 2008)). This case is no different. Defendant's suspicions regarding Plaintiff's hours worked are not sufficient grounds to delay the collective proceedings.

Accordingly, Defendant's requests to stay the case in its entirety and to stay briefing on conditional certification pending individual discovery are **DENIED**. However, the Court **GRANTS** Defendant's third alternative request for relief, in that Defendant shall have until

5

**August 28, 2019** to file any response in opposition to Plaintiff's Motion for Conditional Certification (ECF No. 25).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Defendant's Motion for Summary Judgment (ECF No. 11) with leave to refile. The Court **GRANTS, IN PART,** and **DENIES, IN PART,** Defendant's Emergency Motion to Stay (ECF No. 29). Defendant shall have until **August 28, 2019** to file any response in opposition to Plaintiff's Motion for Conditional Certification.

**IT IS SO ORDERED.**

 /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE